THE CITY OF CINCINNATI *v.* JORDAN.

(No. 7426644—Decided March 26, 1975.)

Hamilton County Municipal Court, Criminal Division.

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Mr. Frank H. Prouty, Jr.*, for plaintiff.
*Miss Ann Tarbutton*, for defendant.

OUTCALT, J.   The defendant in this case was charged with possession of prescription drugs in violation of Section 601-23 of the Cincinnati Municipal Code.   He was

specifically charged with possession of propoxyphene, which is commonly known as darvon and diazepam, which is commonly known as valium. Most of the facts were stipulated. Particular emphasis was put on the fact that counsel for the defendant stipulated that the two chemical compounds possessed by the defendant were indeed propoxyphene and diazepam.

The sole question submitted to the court was whether or not propoxyphene and diazepam, commonly known as darvon and valium, respectively, were prescription drugs as defined in Cincinnati Municipal Code Section 601-23. Section 601-23 reads as follows:

"No person, other than a distributor of dangerous drugs, a licensed terminal distributor of dangerous drugs, a manufacturer of dangerous drugs, a pharmacist, a practitioner, or carriers or warehousemen but only for the purpose of carriage or storage, for any of the foregoing, shall have in his possession any prescription drug, except those obtained pursuant to a prescription or dispensed by a practitioner.

"Proof of possession of a prescription drug, other than in a container labeled to indicate the date of sale, the name and address of the person for whom the drug was prescribed, instructions for taking, and the name of the pharmacy where sold, together with the prescription number, shall constitute prima facie evidence of a violation of this section.

"For the purpose of this section, the term 'prescription drug' shall mean any drug which, under the 'Federal Food, Drug and Cosmetic Act,' 52 Stat. 1040 (1938), 21 U. S. C. A. 301, the federal narcotic law, Sections 3715.01 to 3715.72, inclusive, Sections 3719.01 to 3719.22, inclusive, or Sections 3719.23 to 3719.29, inclusive, of the Ohio Revised Code, may be dispensed only upon a prescription.

"For the purpose of this section, the terms 'person,' 'terminal distributor of dangerous drugs,' 'wholesale distributor of dangerous drugs,' 'manufacturer of dangerous drugs,' 'practitioner,' 'pharmacist,' and 'prescription' shall have the meanings ascribed to them in Ohio Revised Code Section 4729.50.

"Whoever violates this section shall be guilty of possessing a prescription drug, a misdemeanor of the second degree."

The only witness who testified in the hearing before the court was one Bruce Douglas, a pharmacist of 14 years experience. He had obtained his pharmaceutical training at the University of Cincinnati and was certified as a pharmacist by the State Board of Pharmacy. Mr. Douglas is employed at a store called "Schneider's Pharmacy." He was shown the two items taken from the defendant and identified them by appearance as darvon and valium and testified that darvon is propoxyphene and valium is diazepam. During his testimony, he testified in part as follows:

"Q. In accordance with the regulations of both the city and the state and the federal government, is there any procedure that you have to go through as defined by statute or by law that you must go through before you may issue these capsules to anybody?

"Miss Tarbutton: Same objection.

"The Court: Overruled.

"A. Yes, you have to have a written prescription from a doctor—excuse me, does not have to be written, could be by phone.

"Q. Phone prescription from whom?

"A. Doctor, veterinarian, dentist, any legal medical personnel.

"Q. Now, if somebody came up to you and said, 'I want these certain pills,' could you give them to him?

"A. No."

The witness brought to court with him what was referred to as a "cost book" used by pharmacists which was not identified by name. Mr. Douglas further said that he got this book from "Drug Topics Company" and indicated that it listed both of these drugs as prescription drugs. The court admitted the pills, which had been previously stipulated into evidence, but refused to admit the book into evidence. After brief argument, the court took the matter under submission.

While this court believes that the record indicates these

items were prescription drugs by common understanding in the trade, the question remains whether or not they were prescription drugs as defined by Section 601-23 of the Cincinnati Municipal Code.

The court is of the opinion that the evidence presented by the prosecution did not prove beyond a reasonable doubt that propoxyphene and diazepam are prescription drugs *as defined under Section 601-23 of the Cincinnati Municipal Code.* That section refers to the Federal Food, Drug and Cosmetic Act and certain specific sections in Title 37 of the Ohio Revised Code. The court has carefully read these sections and nowhere therein is there any specific indication that diazepam (valium) or propoxyphene (darvon) are drugs which may be dispensed only upon a prescription. The federal government maintains an official list of prescription drugs which is updated from time to time, but no attempt was made by the prosecution to introduce or refer to that particular listing.

The court is not at all unmindful of the extremely difficult legislative task which confronted Council of the city of Cincinnati when this section was adopted.

The court is also aware of the fact that the office of the prosecuting attorney is presented with a problem proceeding with a case under this section. In the instant case, the assistant prosecutor made a valiant attempt to overcome a legislative hurdle but unfortunately fell short.

It is the hope of this court that this particular section can be rewritten in a more practicable *and enforceable manner.* As indicated before, the court is fully aware of the complexities this problem presents.

For the foregoing reasons, the court finds that the city of Cincinnati has not proven Benjamin Jordan guilty beyond a reasonable doubt and therefore enters a verdict of Not Guilty.

*Defendant found not guilty.*